IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ZACHARY S. GRANADOS, #A4017630, | CIVIL NO. 24-00130 DKW-WRP |
| Petitioner, | ORDER DISMSSING PETITION WITH LEAVE TO AMEND AND ORDER TO SHOW CAUSE |
| vs. | |
| STATE OF HAWAII, | |
| Respondent. | |

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by pro se Petitioner Zachary S. Granados.  ECF No. 1.  The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because Granados has not named a proper respondent, the Petition is DISMISSED with leave to amend.  If Granados chooses to file an amended petition, he is ORDERED TO SHOW CAUSE in writing how his claims are fully exhausted and timely filed, issues that are explained below.  Alternatively, Granados may voluntarily dismiss this action.

# I. <u>BACKGROUND</u>[1]

On December 7, 2016, Granados was charged with various crimes in a thirteen-count felony information that was filed in Hawaii state court.  *See* Felony Information, *State v. Granados*, No. 2PC161000973 (Haw. 2d Cir. Ct. Dec. 7, 2016), Dkt. 1.  Granados pleaded no contest to all of the charges in that case, as well as to the charges in nine other cases, during a hearing on May 15, 2017.  *See* Change of Plea, *Granados*, No. 2PC161000973 (Haw. 2d Cir. Ct. May 15, 2017), Dkt. 32.

On August 29, 2017, the state court sentenced Granados to, among other things, thirty-five terms of probation ranging in duration from six months to four years.  *See* Judgment, Granados, No. 2PC161000973 (Haw. 2d Cir. Ct. Aug. 29, 2017), Dkt. 44.  The state court also imposed various special terms and conditions of probation that included twenty-nine terms of imprisonment ranging in duration from six months to eighteen months.  *Id.*  Granados did not appeal from the state court's August 29, 2017 Judgment.

After Granados was released to a residential treatment program, he violated the terms of his probation.  *See* Order Modifying Probation, *Granados*, No. 2PC161000973 (Haw. 2d Cir. Ct. Apr. 6, 2018), Dkt. 74.  Months later, Granados

---

[1]These facts are taken from the Petition, its exhibits, and publicly available state court opinions. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct."); *McNeal v. Adams*, 623 F.3d 1283, 1285 n.1 (9th Cir. 2010) (same).

again violated the terms of his probation.  *See* Order of Resentencing Revocation of Probation, *Granados*, No. 2PC161000973 (Haw. 2d Cir. Ct. Sept. 4, 2018), Dkt. 103.  He was also charged with and pleaded no contest to other crimes in two additional cases.  *Id.*  The state court then resentenced Granados and revoked his probation.  *Id.*  Granados was sentenced to concurrent terms of imprisonment ranging in duration from thirty days to ten years.  *Id.*  Granados is currently incarcerated at the Saguaro Correctional Center ("SCC") in Eloy, Arizona.  *See* ECF No. 1-1 at PageID.26; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A4017630"; and select "Search") (last visited Apr. 16, 2024).

On January 14, 2021, Granados filed in state court a Petition for Post-Conviction Relief pursuant to Rule 40 of the Hawaii Rules of Penal Procedure ("HRPP").  Petition, *Granados v. State of Hawaii*, 2CPN-21-0000001 (Haw. 2d Cir. Ct. Jan. 14, 2021), Dkt. 1.  In his HRPP 40 Petition, Granados argued that he received ineffective assistance of counsel related to his no-contest plea; the prosecution failed to disclose evidence favorable to him; the prosecution used evidence obtained pursuant to an unlawful arrest; there was insufficient evidence to support his convictions; his confession was coerced; his no-contest plea was not knowing, intelligent, and voluntary; and his waiver of jury trial was improper.  *Id.*  The state court dismissed Granados' HRPP 40 Petition on May 6, 2021.  *See*

3

Findings of Fact and Conclusions of Law, and Order Denying Petitioner Zachary

S. Granados's Petition for Post-Conviction Relief, *Granados*, 2CPN-21-0000001

(Haw. 2d Cir. Ct. May 6, 2021), Dkt. 28.  Granados, once again, did not appeal.

Granados commenced this action upon placing the Petition in the prison mail

system on March 9, 2024.  ECF No. 1 at PageID.15.  The Court received the fee

associated with this action on March 27, 2024 and receipt of this payment was

docketed on April 15, 2024.  ECF No. 3.

## II.  <u>LEGAL STANDARD</u>

Rule 4 of the Habeas Rules requires the Court to make a preliminary review

of each petition for writ of habeas corpus.  The Court may summarily dismiss a

habeas corpus petition *sua sponte* if "it plainly appears from the petition . . . that

the petitioner is not entitled to relief."  Habeas Rule 4; *Valdez v. Montgomery*,

918 F.3d 687, 693 (9th Cir. 2019).  "A district court should do so, however, only

after 'provid[ing] the petitioner with adequate notice and an opportunity to

respond.'"  *Valdez*, 918 F.3d at 693 (quoting *Herbst v. Cook*, 260 F.3d 1039, 1043

(9th Cir. 2001)) (alteration in original).

## III.  <u>DISCUSSION</u>

### A.  **Correct Respondent**

Granados names the State of Hawaii as the Respondent in this action.  ECF

No. 1 at PageID.1.

A petitioner seeking a writ of habeas corpus must name as respondent "the person who has custody over him[.]"  28 U.S.C. § 2242; *see* Habeas Rule 2(a) ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); *Smith v. Idaho*, 392 F.3d 350, 354 (9th Cir. 2004). The Supreme Court has explained that "there is generally only one proper respondent to a given prisoner's habeas petition." *Padilla*, 542 U.S. at 434.  This is the person "with the ability to produce the prisoner's body before the habeas court." *Id.* at 435 (citation omitted); *see Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) ("The proper respondent . . . is the petitioner's 'immediate custodian'"—that is, "'the person having day-to-day control over the prisoner'"—because "[t]hat person is the only one who can produce 'the body' of the petitioner." (citations omitted)).  Failure to properly name the petitioner's custodian as respondent deprives the district court of personal jurisdiction over the custodian. *See Smith*, 392 F.3d at 354–55.

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]" *Padilla*, 542 U.S. at 434 (citations omitted); *see Smith*, 392 F.3d at 354; *see also Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994) (stating that the proper respondent "typically is the

warden of the facility in which the petitioner is incarcerated" (citation omitted));

Habeas Rule 2 advisory committee note (stating that if the petitioner is in prison

due to the state action he is challenging, "[t]he named respondent shall be the state

officer who has official custody of the petitioner (for example, the warden of the

prison)").

Granados is currently incarcerated at the SCC.  Instead of naming as

respondent the warden of the SCC, however, Granados has named the State of

Hawaii.  ECF No. 1 at PageID.1.  Granados fails to explain how the State of

Hawaii is his "immediate custodian" or how it has "day-to-day control" over him.

*See Brittingham*, 982 F.3d at 379; *Padilla*, 542 U.S. at 439–40.  The Court

therefore finds no reason to abandon the default rule in this matter.  *See Padilla*,

542 U.S. at 434; *see also Smith v. Hawaii*, No. Civil No. 06-00618 SOM-KSC,

2006 WL 3783443, at *1 (D. Haw. Nov. 27, 2006) ("The State of Hawaii is not the

warden at [the correctional facility], where [the petitioner] is currently

incarcerated, and is not a proper respondent to the Petition.").  The Petition is

therefore DISMISSED with leave to amend.

If Granados decides to proceed with this action, he must file an amended

petition naming a correct respondent—for example, the warden at the SCC.  *See*

*Ah Puck v. Hawaii*, Civ. No. 17-00173 DKW-KJM, 2017 WL 2682074, at *1 (D.

Haw. June 21, 2017); *Kaopua v. Hawaii*, Civ. No. 10-00582 SOM/BMK, 2010 WL

6

4007663, at *1 (D. Haw. Oct. 12, 2010).  Before the Court will order any properly

named respondent to answer the Petition, however, Granados must also show cause

in writing why this action should not be dismissed for the following reasons.

## B.    Exhaustion of State Remedies

Section 2254 "generally requires a state prisoner to exhaust state remedies

before filing a habeas petition in federal court."  *Woodford v. Ngo*, 548 U.S. 81, 92

(2006) (citing 28 U.S.C. §§ 2254(b)(1), (c)).  "In other words, the state prisoner

must give the state courts an opportunity to act on his claims before he presents

those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*,

526 U.S. 838, 842 (1999); *see also Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir.

2017) ("[B]efore . . . a [§ 2254] petition may be heard, the petitioner must seek full

relief first from the state courts, thus giving those courts the first opportunity to

review all claims of constitutional error." (internal quotation marks and citation

omitted)).  A petitioner satisfies the exhaustion requirement by either: (1) fairly

and fully presenting each federal claim to the highest relevant state court or (2)

showing that there is no state remedy available.  *Insyxiengmay v. Morgan*, 403

F.3d 657, 668 (9th Cir. 2005).

"[F]ederal courts may consider *sua sponte* whether the [petitioner] has

exhausted state remedies[.]"  *Stone v. City & County of San Francisco*, 968 F.2d

850, 856 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992); *Eline v.*

*Att'y Gen. of Haw.*, Civ. No. 19-00264 LEK-KJM, 2019 WL 2998551, at *3 (D. Haw. July 9, 2019) (same).  Where a habeas petition raises only unexhausted claims, the court must dismiss the petition.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust." (citation omitted)).

Here, a state remedy was available to Granados—that is, an HRPP 40 petition.  Although Granados did file in state court an HRPP 40 petition on January 14, 2021, and the state court dismissed that petition on May 6, 2021, unless Granados can show that he then exhausted his claims by presenting them to the Intermediate Court of Appeals, the Petition must be dismissed.  *See Florer v. Hoffman*, Civ. No. 15-00225 DKW-BMK, 2015 WL 5299004, at *5 (D. Haw. Sept. 8, 2015) ("Proper exhaustion to the [Intermediate Court of Appeals] is sufficient to exhaust.").

Granados is also reminded that federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States.  28 U.S.C. § 2254(a); *Munoz v. Smith*, 17 F.4th 1237, 1238 (9th Cir. 2021).  A claim is exhausted only if it "has been fairly presented to the state courts."  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Thus,

8

a petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." *Insyxiengmay*, 403 F.3d at 668 (citation omitted).  The Ninth Circuit has stated that a "petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law."  *Id.*  The "mere mention of the federal Constitution as a whole, without specifying an applicable provision, or an underlying federal legal theory, does not suffice to exhaust the federal claim." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).  Even if Granados can show that he filed an appeal to the Intermediate Court of Appeals, he must also show that he made the federal bases of his claims clear to the state courts.

## C.    Statute of Limitation

A one-year statute of limitation applies to all habeas petitions filed by prisoners in state custody, subject to certain tolling conditions.  *See* 28 U.S.C. §§ 2244(d)(1).  "Section 2244(d)(1) 'contain[s] multiple provisions relating to the events that *trigger* its running.'"  *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011) (en banc) (quoting *Holland v. Florida*, 560 U.S. 631, 647 (2010)) (alteration in original). "The triggering events are the dates on which: direct review becomes final, an unlawful state-created impediment to filing is removed, a new constitutional right is made retroactively available, or the factual predicate of the

claim(s) presented could have been discovered with 'due diligence.'"  *Lee*, 653

F.3d at 933 (citing 28 U.S.C. § 2244(d)(1)(A)–(D)).  The one-year statute of

limitation begins running from the latest of these dates.  *See* 28 U.S.C.

§ 2244(d)(1); *Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001).

In most instances, the limitation period is governed by 28 U.S.C.

§ 2244(d)(1)(A).  *See Herrera v. Ramirez*, No. 1:15-cv-00525-BLW, 2020 WL

5848341, at *5 (D. Idaho Sept. 30, 2020) ("The most common trigger is the first

one, 'the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review.'" (quoting 28 U.S.C.

§ 2244(d)(1)(A)).  It is only in "rare instances" that, pursuant to 28 U.S.C.

§§ 2244(d)(1)(B)-(D), "the limitation period may run from a date later than the

date on which judgment becomes final."  *Baker v. California*, No. C 99-2088 CRB

(PR), 2000 WL 74071, at *1 n.1 (N.D. Cal. Jan. 25, 2000).

Statutory tolling applies while "a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending[.]"  28 U.S.C. § 2244(d)(2); *White v. Martel*, 601 F.3d 882, 883

(9th Cir. 2010) (per curiam).  Equitable tolling may also apply upon a showing of

extraordinary circumstances and diligence.  *See Pace v. DiGuglielmo*, 544 U.S.

408, 418 n.8 (2005) ("Generally, a litigant seeking equitable tolling bears the

burden of establishing two elements: (1) that he has been pursuing his rights

10

diligently, and (2) that some extraordinary circumstance stood in his way.");
*Randle v. Crawford*, 578 F.3d 1177, 1186 (9th Cir. 2009).

Here, Granados' conviction became final on September 28, 2017—that is, thirty days after the state court entered judgment on August 29, 2017. *See* Haw. R. App. P. 4(b)(1) ("In a criminal case, the notice of appeal shall be filed within 30 days after entry of the judgment or order appealed from."). Granados did not file his HRPP 40 Petition, however, until three years, three months, and seventeen days later, on January 14, 2021. Even assuming Granados could somehow explain away this delay, another two years, ten months, and ten days elapsed between when the state court's May 6, 2021 dismissal order became final and when Granados gave the Petition in this action to prison officials on March 9, 2024. Unless Granados can demonstrate how the one-year statute of limitation had not expired, this action must be dismissed.

## IV.  CONCLUSION

(1)  The Petition is DISMISSED with leave to amend on or before **May 17, 2024**. Failure to timely file an amended petition that cures the deficiencies noted above will result in dismissal of this action without prejudice.

(2)  If Granados elects to file an amended petition, he is ORDERED TO SHOW CAUSE in writing how his claims are fully exhausted and timely filed.

(3) In the alternative, Granados may NOTIFY the court in writing on or before **May 17, 2024** that he is voluntarily dismissing this action.

(4)  The Clerk shall SEND Granados a blank Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody so that he can comply with the instructions in this Order.

IT IS SO ORDERED.

DATED: April 18, 2024 at Honolulu, Hawai'i.



/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

---

*Zachary S. Granados v. State of Hawaii*; Civil No. 24-00130 DKW-WRP;
**ORDER DISMISSING PETITION WITH LEAVE TO AMEND AND ORDER TO SHOW CAUSE**